UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEPHEN CLARK, | : <br> : <br> : Case No. 23-3245 (BRM)(LDW) <br> Plaintiff, : <br> : <br> v. : **MEMORANDUM AND ORDER** <br> : <br> NURSE JULIE, *et al.* : <br> : <br> Defendants. : <br> : |

Before the Court is *pro se* plaintiff Stephen Clark ("Plaintiff") civil rights complaint ("Complaint"), filed pursuant to 42 U.S.C. § 1983 (ECF No. 1) and his application to proceed *in forma pauperis* ("IFP") (ECF No. 1-1). Based on his affidavit of indigence (ECF 1-1), the Court grants him leave to proceed IFP and orders the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2), to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

Plaintiff is currently housed at Hudson County Correctional Center ("HCCC"), in Kearny, New Jersey. Plaintiff brings this civil rights action, pursuant to 24 U.S.C. § 1983, against Nurse Julie, Nurse Amanda Jenning, Nurse Diane Weiters, and Director Maxim Casas (collectively "Defendants"). (ECF No. 1.)

The Complaint alleges that Plaintiff informed the Defendants that he could not feel his legs, could not walk, and was having leg and foot pain. (*Id.* at 4–7.) Plaintiff alleges that Defendants Nurse Weiters and Nurse Jennings told him that he would be seen by a doctor, but he never was. (*Id.* at 6–7.) The Complaint submits that Plaintiff's legs swelled up and he could not

move or feel them, and Defendant Nurse Julie told Plaintiff that there was nothing wrong with him and he need to get up and walk. (*Id.* at 7.) Plaintiff submits he was taken to Jersey City Medical Center and was told that his "legs and feet are bad" and he was prescribed a wheelchair. (*Id.*) The Complaint alleges that Defendant Director Casas then informed Plaintiff that he would be sent to a specialist and that has not happened. (*Id.*)

The Court has screened the Complaint and has determined that it shall proceed against Defendants. A pretrial detainee's claim of inadequate medical care arises under the Fourteenth Amendment, rather than the Eighth Amendment. *See Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003). Nevertheless, the United States Supreme Court has held that the Fourteenth Amendment affords pretrial detainees protections that are "at least as great" as those afforded to convicted prisoners under the Eighth Amendment. *See id.* (quoting *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983)). Thus, in the context of claims for inadequate medical care, the Third Circuit has "found no reason to apply a different standard than that set forth in *Estelle* [*v. Gamble*, 429 U.S. 97 (1976)] (pertaining to prisoners' claims of inadequate medical care under the Eighth Amendment) when evaluating whether a claim for inadequate medical care by a pre-trial detainee is sufficient under the Fourteenth Amendment." *See id.*

The Eighth Amendment prohibits the states from inflicting "cruel and unusual punishments" on those convicted of crimes. *Rhodes v. Chapman*, 452 U.S. 337, 344–46 (1981). This proscription against cruel and unusual punishment requires prison officials to provide inmates with adequate medical care. *Estelle*, 429 U.S. at 103–04. In order to set forth a cognizable claim for a violation of his right to adequate medical care, an inmate must allege: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. *Id.* at 106.

Plaintiff's Fourteenth Amendment denial of medical care claim is based on his allegations that he informed Defendants that he was in pain, could not walk, abs had swelling legs, and Defendants repeatedly failed to treat his medical condition. Plaintiff alleges that he still has not been seen by a specialist to obtain a diagnosis. As such, Plaintiff's claims against Defendants shall proceed.

Accordingly, and for good cause appearing,

**IT IS** on this 25th day of October 2023,

**ORDERED** Plaintiff's IFP application (ECF No. 1-1) is **GRANTED**; and it is further

**ORDERED** that the Complaint shall be **FILED**; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(b) and for purposes of account deduction only, the Clerk shall serve a copy of this Order by regular mail upon the Attorney General of the State of New Jersey and the Administrator of Hudson County Correctional Center and it is further

**ORDERED** that Plaintiff is assessed a filing fee of $350.00 and shall pay the entire filing fee in the manner set forth in this Order pursuant to 28 U.S.C. § 1915(b)(1) and (2), regardless of the outcome of the litigation, meaning that if the Court dismisses the case as a result of its *sua sponte* screening, or Plaintiff's case is otherwise administratively terminated or closed, § 1915 does not suspend installment payments of the filing fee or permit refund to the prisoner of the filing fee, or any part of it, that has already been paid; and it is further

**ORDERED** that pursuant to *Bruce v. Samuels*, 136 S. Ct. 627, 632 (2016), if Plaintiff owes fees for more than one court case, whether to a district or appellate court, under the Prison Litigation Reform Act (PLRA) provision governing the mandatory recoupment of filing fees, Plaintiff's monthly income is subject to a simultaneous, cumulative 20% deduction for each case a court has mandated a deduction under the PLRA; *i.e.*, Plaintiff would be subject to a 40%

deduction if there are two such cases, a 60% deduction if there are three such cases, etc., until all fees have been paid in full; and it is further

**ORDERED** that pursuant to 28 U.S.C. § 1915(b)(2), in each month that the amount in Plaintiff's account exceeds $10.00, the agency having custody of Plaintiff shall assess, deduct from Plaintiff's account, and forward to the Clerk of the Court payment equal to 20% of the preceding month's income credited to Plaintiff's account, in accordance with *Bruce*, until the $350.00 filing fee is paid. Each payment shall reference the civil docket numbers of the actions to which the payment should be credited; and it is further

**ORDERED** Plaintiff's Complaint shall **PROCEED**;

**ORDERED** the Clerk shall mail to Plaintiff a transmittal letter explaining the procedure for completing United States Marshal ("Marshal") 285 Forms ("USM-285 Forms"); and it is further

**ORDERED** Plaintiff shall complete the form for each Defendant and return them to the Clerk of Court, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Newark, NJ 07102; and it is further

**ORDERED** upon Plaintiff's sending of the completed forms to the Clerk of the Court, the Clerk shall issue summons, and the United States Marshall shall serve a copy of the complaint (ECF No. 1), summons, and this Order upon Defendants pursuant to 28 U.S.C. § 1915(d), with all costs of services advanced by the United States; and it is further

**ORDERED** Defendants shall file and serve a responsive pleading within the time specified by Federal Rule of Civil Procedure 12; and it is further

**ORDERED** the Clerk of the Court shall serve Plaintiff with copies of this Order and the accompanying Opinion via regular mail.

*/s/Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
UNITED STATES DISTRICT JUDGE
